Mary SIMON, Plaintiff,

v.

RAVENSWOOD HOSPITAL MEDICAL CENTER, Defendant.

No. 92 C 3764.

United States District Court, N.D. Illinois, E.D.

Aug. 19, 1992.

Barry Alfred Gomberg, Weston, Gomberg & Reese, Chicago, IL, for plaintiff.

Frank J. Saibert, Matkov, Salzman, Madoff & Gunn, Michael W. Duffee, Carolyn C. Gessner, Katten, Muchin & Zavis, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Ravenswood Hospital Medical Center ("Ravenswood") has filed a motion to strike plaintiff Mary Simon's jury demand and prayers for compensatory and punitive damages as contrary to the prospective application of the Civil Rights Act of 1991. As set forth below, we grant Ravenswood's motion to strike.

I.

Simon asserts, without analysis, that Ravenswood's authority for its argument—the Seventh Circuit's recent opinion in *Luddington v. Indiana Bell Telephone Co.*, 966 F.2d 225 (7th Cir.1992)—is inapplicable to her suit, and that "not only did at least a portion of the alleged discriminatory acts occur subsequent to November 21, 1991 [the effective date of the Civil Rights Act of 1991], but that it is undisputed that Plaintiff was discharged by [Ravenswood] on or about July 3, 1992." Response at 1. Simon, almost as an alternative argument, offers to amend her complaint if the court determines that approach to be "more appropriate." *Id.*

Clearly, Simon's four-count complaint alleges Title VII wrongs between November 29, 1986 and "within 180 days" prior to October 24, 1991, the date Simon filed a charge of

discrimination with the Illinois Department of Human Rights. *E.g.*, Complaint Count I at ¶¶ 2, 6. This approximately five-year time span is prior to November 21, 1991, the enactment date of the Civil Rights Act of 1991. *Luddington's* holding regarding retroactive application of the Act is straightforward: "the new act is applicable only to conduct engaged in after the effective dates ... in the act, at least if the suit had been brought before the effective dates." *Luddington*, 966 F.2d at 229–30.

The difference between the instant suit and *Luddington* is that Simon filed her complaint *after* November 21, 1991, not before. The rationale underlying *Luddington*, however, is as relevant to this suit as to one brought before the effective date:

> The amount of care that individuals and firms take to avoid subjecting themselves to liability whether civil or criminal is a function of the severity of the sanction, and when the severity is increased they are entitled to an opportunity to readjust their level of care in light of the new environment created by the change. That is the philosophy behind the ex post facto clause and also behind the interpretive principle that presumes that a new civil statute applies only to conduct that occurs after its effective date.

*Id.* at 229. In other words, assuming for the sake of argument that Ravenswood did discriminate against Simon, it should not be, in its words, "saddled with these new sanctions [jury trial; compensatory and punitive damage exposure]" because it did not have an opportunity to readjust its " 'level of care in light of the new environment created by the change.' " Memo at 3 (quoting *Luddington*).

Simon fails to distinguish *Luddington* from her case, perhaps because *Luddington* is entirely relevant authority. Additionally, her offer to amend her complaint misses Ravenswood's point, which is that as to alleged discrimination prior to the effective date of November 21, 1991, the Civil Rights Act of 1991 cannot be retroactively applied. Reply at 2 & n. 1. Simon, of course, may file motions as she sees fit, but the complaint presently before the court does not alleged misconduct subsequent to October 24, 1991.

The bottom line is that even if the complaint did allege wrongdoing after November 21, 1991, Ravenswood's alleged discriminatory acts prior to that date would not be subject to the Civil Rights Act of 1991.

## II.

Ravenswood's motion to strike is granted. Simon's jury demand is thus struck, as are her prayers for compensatory and punitive damages. It is so ordered.